# KRANTZ & BERMAN LLP

Larry H. Krantz
Marjorie E. Berman

Wendy Gerstmann Powell
*Special Counsel*

Nicolas J. Rovner

Lisa A. Cahill
*Of Counsel*

Writer's E-mail

lkrantz@krantzberman.com

February 7, 2019

**By Email**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Centre Street, Room 2201
New York, NY 10007

        Re:    *United States v. Timothy Parietti,* 16 CR 373 (PAE)

Dear Judge Engelmayer:

        We represent Timothy Parietti in the above-referenced matter. We write to clarify two minor matters in advance of Mr. Parietti's sentencing on February 8th.

        First, in our sentencing memorandum we sought a non-custodial sentence of either time served or probation. Upon further reflection, should the Court be inclined to impose a non-custodial sentence, we respectfully request a sentence of time served and supervised release, so as to avoid any legal issue as to whether probation is an available sentencing option. *See* PSR ¶¶ 95, 96 (stating that a sentence of probation is not available in this case -- but not considering whether *Booker* makes this provision advisory only). As the Court is aware, Mr. Parietti is eligible for a sentence of time served because he spent the equivalent of one day in custody when he voluntarily surrendered and was processed by the FBI in 2016. *See* 18 U.S.C. § 3585(b). Thus, we respectfully seek a sentence of time served, followed by an appropriate term of supervised release.

        Second, we note a minor objection to the PSR in connection with the calculation of the fine range applicable in this case. Specifically, the Probation Department used the 2018 sentencing guidelines as a basis for its sentencing calculations, PSR ¶ 35, but the offense conduct ended at least as of 2012 when Mr. Parietti left Deutsche Bank.[1] We did not object to the use of the 2018 guidelines because it had no relevant impact on the calculation of Mr. Parietti's guidelines under section 2B1.1, or on any recommended term of imprisonment. However, we note that with respect to defining the bottom of the appropriate fine range pursuant to sections 5E1.2(c)(1) and (c)(3), the 2018 sentencing guidelines reflect a slightly higher bottom-range figure for each graduated increment as compared to same increments in the 2012 guidelines. *Compare* 2018 U.S.S.G § 5E1.2(c)(3) (*e.g.,* $25,000 is the bottom of the fine range for a level

---

[1] The Information to which Mr. Parietti pleaded guilty referred to the end of the offense period as "at least 2011."

28) with 2012 U.S.S.G § 5E1.2(c)(3) (*e.g.,* $12,500 is the bottom of the fine range for a level 28).  We raise this issue only in an abundance of caution, to ensure that the record is accurate in this regard.  We note that in paragraph 99 of the PSR the bottom of the fine guideline range is described as $25,000, whereas in the Sentencing Recommendation section the bottom of the fine guideline range is described as $12,500.  We believe that the $12,500 figure is correct.  Moreover, for the reasons set forth in our sentencing memorandum, we respectfully submit that the appropriate sentence for Mr. Parietti, including any fine, should reflect his substantial cooperation, and be guided by the factors enumerated in Title 18 U.S.C. Section 3553.  Accordingly, we seek the imposition of a fine Your Honor believes would be consistent with the principles set forth in section 3553(a), including the parsimony clause of that statute.

Respectfully Submitted,

Larry Krantz

cc:   Carol Sipperly, Senior Litigation Counsel (by email)
      Christina Brown, Trial Attorney, Antitrust Division (by email)
      Michael T. Koenig, Trial Attorney, Antitrust Division (by email)